UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MANDELLE KELLEY,

    Petitioner,               Civil No. 2:18-CV-11161
                                      HONORABLE DENISE PAGE HOOD
v.                               CHIEF UNITED STATES DISTRICT JUDGE

DEWAYNE BURTON,

    Respondent.
                                /

**ORDER GRANTING THE MOTION FOR A STAY PENDING APPEAL**

This matter is before the Court on respondent's motion for immediate consideration and for a stay pending the appeal of the Court's decision to grant habeas relief to the petitioner. For the reasons stated below, the motions are GRANTED.

On May 1, 2019, this Court granted petitioner a conditional writ of habeas corpus, on the ground that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972) by withholding or failing to disclose evidence that the officer in charge of petitioner's criminal case had lied in a prior drug case and was being investigated for perjury and misconduct by the Oakland County Sheriff Department at the time of petitioner's trial, for which he was

1

subsequently discharged from employment. *See Kelley v. Burton*, 377 F. Supp. 3d 748 (E.D. Mich. 2019).

Respondent has filed a motion for a stay pending appeal.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(C). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F.2d at 166.

Although this Court disagrees with respondent's claim that he has made a strong showing that he is likely to succeed on the merits of the case on appeal, the Court will grant respondent a stay pending appeal. Although petitioner may suffer injury from his continued confinement pursuant to a conviction that this Court has found to be constitutionally infirm, "it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to grant relief to Petitioner." *Williams v. Booker,* 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010); *rev'd on other grds,* 454 F. App'x 475 (6th Cir. 2012).

Accordingly, the Court will grant respondent's motion for a stay pending appeal. (ECF # 13).

s/Denise Page Hood
**DENISE PAGE HOOD**
**CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: July 30, 2019**