UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MANDELLE KELLEY,

    Petitioner,               Civil No. 2:18-CV-11161
                                   HONORABLE DENISE PAGE HOOD
v.                            CHIEF UNITED STATES DISTRICT JUDGE

DEWAYNE BURTON,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION
## FOR IMMEDIATE RELEASE FROM CUSTODY

Petitioner filed a motion for immediate release from custody. For the reasons stated below, the motion is DENIED AS MOOT.

This Court granted petitioner a conditional writ of habeas corpus, on the ground that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972) by withholding or failing to disclose evidence that the officer in charge of petitioner's criminal case had lied in a prior drug case and was being investigated for perjury and misconduct by the Oakland County Sheriff Department at the time of petitioner's trial, for which he was subsequently discharged from employment. *See Kelley v. Burton*, 377 F. Supp. 3d 748 (E.D. Mich. 2019).

Respondent filed a notice of appeal. On July 30, 2019, this Court granted respondent's motion to stay the writ pending appeal. (ECF No. 14).

Petitioner filed a motion for immediate release from custody pending respondent's appeal. As part of his motion for release, petitioner indicated that the Michigan Parole Board agreed to parole him and he is scheduled to be paroled on February 4, 2020. (ECF No. 18, PageID.1319-20).

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *See Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007).

Petitioner's release on parole moots his request to be released on bond. *See Morse v. Trippett,* 102 F. Supp. 2d 392, 413 (E.D. Mich. 2000), *vacated on other grds,* 37 F. App'x 96 (6th Cir. 2002); *see also Morton v. Zych*, No. CIV.A. 09-12855, 2010 WL 743042, at *2 (E.D. Mich. Feb. 26, 2010); *Puertas v. Overton*, No. CIV.A. 03-40157, 2008 WL 4239032, at *2, n. 2 (E.D. Mich. Sept. 11, 2008). Petitioner, however, may renew his motion for bond should his parole be revoked. *Morse v. Trippett*, 102 F. Supp. 2d at 413.

Accordingly, the Court **DENIES AS MOOT** the Motion For Immediate Release From Custody. (ECF No. 18).

                                  **s/Denise Page Hood**
                                  **Chief United States District Judge**

**Dated: February 14, 2020**