UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MANDELLE KELLEY,

    Petitioner,

v.

DEWAYNE BURTON,

    Respondent.

Civil No. 2:18-CV-11161
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

_____/

## OPINION AND ORDER GRANTING THE MOTION FOR A STAY PENDING APPEAL (ECF No. 31)

Marcus Mandelle Kelley, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court, on remand from the United States Court of Appeals for the Sixth Circuit, granted Petitioner habeas relief. This Court concluded that the prosecutor or the police violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150, 153 (1972) by withholding or failing to disclose that the officer in charge of the case, Detective Mark Ferguson, lied in a prior drug matter and was being investigated by the Oakland County Sheriff's Department. *Kelley v. Burton*, No. 2:18-CV-11161, 2022 WL 286182 (E.D. Mich. Jan. 31, 2022).

Respondent filed a Notice of Appeal and a Motion to Stay.

1

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F.2d at 166.

This Court strongly disagrees with Respondent's assertion that he made a strong showing that he is likely to succeed on the merits of the case on appeal. Nonetheless, the Court grants Respondent a stay pending appeal; "[i]t would be a waste of judicial resources for the appeal to proceed

2

in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to grant relief to Petitioner." *Williams v. Booker,* 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010); *rev'd on other grds,* 454 F. App'x 475 (6th Cir. 2012). Accordingly, the motion for stay pending appeal is GRANTED. *See also Marion v. Woods*, No. 2:12-CV-13127, 2015 WL 5895916, at *1 (E.D. Mich. Oct. 9, 2015). The Court's granting a stay should not be interpreted by either Respondent or the Sixth Circuit to be a finding by this Court that Respondent has made a substantial showing of a likelihood of success on appeal.

## ORDER

Accordingly, the Court the GRANTS the motion for a stay pending appeal. (ECF No. 31).

Dated: May 4, 2022

s/Denise Page Hood
DENISE PAGE HOOD
United States District Court Judge