UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MANDELLE KELLEY,

    Petitioner,

v.

DEWAYNE BURTON,

    Respondent.

_____/

Civil No. 2:18-CV-11161

HON. DENISE PAGE HOOD

**OPINION AND ORDER GRANTING PETITIONER'S LETTER/MOTION TO VOLUNTARILY DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (ECF No. 39)**
**and**
**CLOSING ACTION**

Petitioner Marcus Mandelle Kelley filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts of delivery of 50 grams or more, but less than 450 grams, of cocaine, M.C.L. § 333.7401(2) (a)(iii), two counts of delivery of less than 50 grams of cocaine, M.C.L. § 333.7401(2)(a)(iv), and one count of conspiracy to deliver 50 grams or more, but less than 450 grams, of cocaine, M.C.L. § 750.157a; M.C.L. § 333.7401(2)(a)(iii).

This Court granted the petition, finding that the prosecutor or the police violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United*

1

*States*, 405 U.S. 150, 153 (1972) by withholding or failing to disclose that the officer in charge of the case, Detective Mark Ferguson, lied in a prior drug matter and was being investigated by the Oakland County Sheriff's Department and that appellate counsel had been ineffective for failing to raise a *Brady* claim on petitioner's appeal of right. *Kelley v. Burton*, 377 F. Supp. 3d 748 (E.D. Mich. 2019).

The Sixth Circuit reversed and remanded the case to this Court, finding that this Court erred in recasting petitioner's perjury claim as a *Brady* claim, because the original petition did not contain a *Brady* withholding claim. *Kelley v. Burton*, 792 F. App'x 396, 397 (6th Cir. 2020).

On remand, the Court permitted the parties to file supplemental briefs. The Court again granted petitioner a writ of habeas corpus, finding that the State of Michigan had violated petitioner's due process rights under *Brady v. Maryland,* 373 U.S. 83 (1963) by failing to disclose evidence to the defense that the detective in this case had committed perjury in another case. *Kelley v. Burton*, No. 2:18-CV-11161, 2022 WL 286182 (E.D. Mich. Jan. 31, 2022). The Sixth Circuit reversed this Court's decision and remanded the case to this Court to adjudicate the remaining issues. *Kelley v. Burton*, No. 22-1135, 2023 WL 2755654 (6th Cir. Apr. 3, 2023).

Following remand, the Court reopened the case.

Petitioner has now filed a motion to withdraw his petition for a writ of habeas corpus. For the reasons stated below, the Court will allow petitioner to voluntarily withdraw his habeas petition and will dismiss the petition for a writ of habeas corpus without prejudice.

Pursuant to Rule 41, after an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss a suit "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "[A] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). A decision to grant or deny a voluntary dismissal to a plaintiff is committed to the sound discretion of the district court. *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). Rule 41(a) applies to habeas corpus proceedings. *See Williams v. Clarke*, 82 F.3d 270, 272–73 (8th Cir. 1996); *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D. Ala. 1999)(citing cases). *See also* Rule 11, Rules Governing

3

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.").

In determining whether or not a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *See Clark v. Tansy,* 13 F.3d 1407, 1409 (10th Cir. 1993); *see also Cook v. New York State Div. Of Parole,* 321 F.3d 274, 282 (2d Cir. 2003)(after state prisoner's § 2241 petition was converted by the court into a § 2254 petition, prisoner would be allowed opportunity to withdraw his petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds).

In this case, petitioner's voluntary dismissal of his habeas action would completely terminate the litigation in this case. *See Long v. Board of Pardons and Paroles of Texas,* 725 F.2d 306, 306 (5th Cir. 1984). Petitioner may withdraw his habeas petition pursuant to Fed. R. Civ. P. 41(a)(2). The

4

dismissal will be without prejudice. *See Markham v. Anderson,* 465 F. Supp. 541, 543 (E.D. Mich. 1980).

Accordingly, the motion to withdraw the petition for a writ of habeas corpus (ECF No. 39) is GRANTED.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this action is designated as CLOSED on the Court's docket.

**SO ORDERED.**

Dated:  August 21, 2023

s/Denise Page Hood
**DENISE PAGE HOOD**
UNITED STATES DISTRICT JUDGE